IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NO. 4:02-CV-103-H(4)

| | |
|---|---|
| GREGORY S. PURDY, | ) |
| | ) ANSWER OF |
| Plaintiff, | ) LITHONIA LIGHTING, A DIVISION |
| v. | ) OF ACUITY LIGHTING GROUP, INC. |
| | ) (ANSW) |
| ACUITY LIGHTING GROUP, INC., | ) |
| LITHONIA LIGHTING, INC., AND | ) |
| LITHONIA LIGHTING | ) |
| | ) |
| Defendants. | ) |

FILED JUN 17 2002
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP. CLERK

NOW COME the named defendants, more properly identified as Lithonia Lighting, a division of Acuity Lighting Group, Inc. (hereinafter "Acuity"), by and through its undersigned counsel, and answers the Plaintiff's First Amended Complaint filed against it in the above captioned matter and states as follows:

### FIRST DEFENSE

A. Acuity Lighting Groups, Inc. has a number of lighting divisions, one of which is Lithonia Lighting. It is not incorporated and has no separate legal existence, save that of a division of a parent corporation. As such, there are not three separate entities as listed in the style of the case but rather one entity Lithonia Lighting, a division of Acuity Lighting Group, Inc. The style of the case should be amended to reflect the correct name of the defendant and the First Amended Complaint and should be re-pled to reflect the changes. Hereinafter, the defendant will be referred to as "Acuity".

B. All allegations in the First Amended Complaint that are directed to an entity known as "Lithonia Lighting, Inc." are hereby denied as such an entity does not exist.



C. All allegations in the First Amended Complaint that are directed to an entity known as "Lithonia Lighting" are hereby denied as such an entity does not have a separate legal existence, save that as a division of a parent corporation.

D. The First Amended Complaint as against the entities "Lithonia Lighting, Inc" or simply "Lithonia Lighting" should be dismissed due to improper service of process, and lack of personal jurisdiction over the purported entity.

## SECOND DEFENSE

### Statement of Facts

Defendants, answering the numbered allegations of the Amended Complaint, allege and say that:

1. Admitted upon present information and belief.

2. The Defendant, "Lithonia Lighting, Inc.", specifically denies that it is a corporation. The Defendant "Lithonia Lighting" specifically denies that it is a corporation. Acuity Lighting Group, Inc. admits that it is a corporation which does business in the State of North Carolina. All allegations not specifically admitted herein are hereby denied.

3. Acuity is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint. Such allegations are, therefore, denied.

4. Acuity is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint. Such allegations are, therefore, denied.

5. Acuity is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint. Such allegations are, therefore, denied.

6. Acuity denies all of the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. Acuity denies all of the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

### First Claim for Relief

8. In response to paragraph 8 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-7 of "Acuity's" answer as if fully set forth herein.

9. Acuity is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 9 and the same are, therefore, denied.

10. Paragraph 10 of Plaintiff's First Amended Complaint contains a conclusion of law to which no response is required. To the extent a response may be required, all allegations contained in paragraph 10 of Plaintiff's First Amended Complaint are denied.

11. Paragraph 11 of Plaintiff's First Amended Complaint contains a conclusion of law to which no response is required. To the extent a response may be required, all allegations contained in paragraph 11 of Plaintiff's First Amended Complaint are denied.

12. Paragraph 12 of Plaintiff's First Amended Complaint contains a conclusion of law to which no response is required. To the extent a response may be required, all allegations contained in paragraph 12 of Plaintiff's First Amended Complaint are denied

13. Paragraph 13 of Plaintiff's First Amended Complaint contains a conclusion of law to which no response is required. To the extent a response may be required, all allegations contained in paragraph 13 of Plaintiff's First Amended Complaint are denied

14. Paragraph 14 of Plaintiff's First Amended Complaint contains a conclusion of law to which no response is required. To the extent a response may be required, all allegations contained in paragraph 14 of Plaintiff's First Amended Complaint are denied

15. Acuity specifically denies all of the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint including but not limited to, the general allegations contained in paragraph 15 and subsections (a)-(c) of paragraph 15.

16. Acuity specifically denies all of the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

**Second Claim for Relief**

17. In response to paragraph 17 of Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-16 of Acuity's answer as if fully set forth herein.

18. Acuity specifically denies all of the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. Acuity specifically denies all of the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. Acuity specifically denies all of the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21. Acuity specifically denies all of the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. Acuity specifically denies all of the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

### Third Claim for Relief

23. In response to paragraph 23 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-22 of the Acuity's answer as if fully set forth herein.

24. Acuity specifically denies all of the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25. Acuity specifically denies all of the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

### Fourth Claim for Relief

26. In response to paragraph 26 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-25 of Acuity's answer as if fully set forth herein.

27. Acuity specifically denies all of the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28. Acuity specifically denies all of the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. Acuity specifically denies all of the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

30. Acuity specifically denies all of the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

### Fifth Claim for Relief

31. In response to paragraph 31 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-30 of Acuity's answer as if fully set forth herein.

32. Acuity specifically denies all of the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33. Acuity specifically denies all of the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34. Acuity specifically denies all of the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

### Sixth Claim for Relief

35. In response to paragraph 35 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-34 of Acuity's answer as if fully set forth herein.

36. Acuity specifically denies all of the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint including the general allegations contained in paragraph 36 and all of the allegations contained in subsections (a) through (f) of paragraph 36 of the Plaintiff's First Amended Complaint.

37. Acuity specifically denies all of the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

### Seventh Claim for Relief

38. In response to paragraph 38 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-37 of Acuity's answer as if fully set forth herein.

39. Acuity specifically denies all of the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.

40. Acuity specifically denies all of the allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

### Eighth Claim for Relief

41. In response to paragraph 41 of the Plaintiff's First Amended Complaint, Acuity hereby incorporates by reference paragraphs 1-40 of Acuity's answer as if fully set forth herein.

42. Acuity specifically denies all of the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43. Acuity specifically denies all of the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

All allegations which have not been specifically admitted by Lithonia Lighting, a division of Acuity Lighting Group, Inc. are hereby specifically denied.

### THIRD DEFENSE

Plaintiff's claims are barred by his own contributory negligence in that Plaintiff failed to use reasonable care in the proper installation of the subject lighting fixture and failed to follow the express and adequate instructions and warnings for the use and installation of the lighting fixture, all as provided by G.S. 99B-4.

### FOURTH DEFENSE

Plaintiff's First Amended Complaint and each claim set forth therein fails to state a claim against Acuity for which relief can be granted.

### FIFTH DEFENSE

The damages incurred by the Plaintiff, if any, were caused by the negligence of the Plaintiff and/or the negligence of the third party over which Acuity had no control or responsibility.

## SIXTH DEFENSE

Plaintiff's alleged injuries, if any, were aggravated by Plaintiffs failure to use reasonable diligence to mitigate such damages and injuries, if any.

## SEVENTH DEFENSE

Plaintiffs First Amended Complaint is barred, either in whole or in part, because any alleged defect in the subject product was not a legal or proximate cause of the plaintiff's injuries and damages, if any.

## EIGHTH DEFENSE

At the time the product involved in this case left the control of Acuity, said product was not unreasonably dangerous nor defective and was fit, safe, and had merchantable quality.

## NINTH DEFENSE

Plaintiff's alleged injuries and damages are barred as a result of the misuse/abuse of the product in question, as provided by G.S. 99B-4.

## TENTH DEFENSE

Plaintiff's injuries and damages, if any, were legally caused by an unforeseeable modification of all or part of the product in question.

## ELEVENTH DEFENSE

The Plaintiff's claim is barred by the fact that the product was improperly maintained and cared for by others after leaving the possession of the responding party, such that said improper maintenance was unforeseeable and created the defect, if any, which legally caused or contributed to Plaintiff's injuries and damages, as provided by G.S. 99B-3.

## TWELFTH DEFENSE

Plaintiff and/or other third parties altered the product in question after it left the control of the responding party Acuity so as to cause and/or contribute to the injury and damages complained of in this litigation, if any, as provided by G.S. 99B-3.

## THIRTEENTH DEFENSE

Plaintiff improperly used the product in question in a manner not reasonably foreseeable so as to cause or contribute to the injury and damages alleged in the First Amended Complaint as provided by G.S. 99B-4.

## FOURTEENTH DEFENSE

The product involved and in question was conforming with the generally recognized state of the art technology at the time of design, manufacture, inspection, testing, packaging, labeling, and sale of such product, as provided by G.S. 99B-6.

## FIFTEENTH DEFENSE

Plaintiff knew, or in the exercise of ordinary care, should have known, of the risks and hazards involved in possession and use of the product in question; but, nevertheless, and with full knowledge, did fully and voluntarily consent to assume the risks and hazards associated with and related to use of said product thereby barring recovery from any injury and damages, as provided in G.S. 99B-5.

## SIXTEENTH DEFENSE

Plaintiff's claims, either in whole or in part, are preempted by Federal law.

## SEVENTEENTH DEFENSE

Plaintiff failed to heed and abide by the clear conspicuous warnings contained on the subject product and container, as provided by G.S. 99B-5.

## EIGHTEENTH DEFENSE

Plaintiff's claims set forth in their First Amended Complaint are barred by the applicable statute of limitations and/or by the statute of repose to the extent that the events actually occurred more than three years from the filing of this action.

## NINETEENTH DEFENSE

Acuity's product referred to in Plaintiff's First Amended Complaint met all applicable Federal, State, OSHA, and other governmental standards, as well as all industry standards.

## TWENTIETH DEFENSE

Any of the damages, injuries, and losses as stated in the First Amended Complaint, all of which are specifically denied, were solely caused by in such or contributed by the acts, omissions, and actions of the Plaintiff and/or third parties other than Acuity, for which matters and entities of said Acuity has no responsibility, liability, and those acts, omissions, and/or other breaches of duty of the Plaintiff and/or third parties other than Acuity were the actual, legal and proximate cause of the subject event and of the Plaintiff's injuries, if any. Alternatively, the acts, omissions, and other breaches of duty of the Plaintiffs and/or third parties other than Acuity, for which Acuity had no responsibility or liability, constitute intervening, superceding causes, which shields Acuity from any liability in this matter. No product sold, designed, manufactured, shipped, or distributed by Acuity was improper, defective or inadequate in any respect.

## TWENTY-FIRST DEFENSE

Acuity shows that it has not provided any warranty to the Plaintiff and further states that it has not breached any warranty available to the Plaintiff.

## TWENTY-SECOND DEFENSE

Acuity specifically pleads the learned intermediary defense and/or the sophisticated user defense.

## TWENTY-THIRD DEFENSE

All risks associated with use of the product, if any, were open and obvious, as provided in G.S. 99B-5.

## TWENTY-FOURTH DEFENSE

In the event that it is determined that the Plaintiff was exposed to a defect or unreasonable product as alleged, which is specifically denied, then it is averred, that based upon the state of scientific and technological knowledge available at the time the product was designed, formulated, tested manufactured and shipped, that the product was not defective or unreasonably dangerous and did not present a foreseeable risk to Plaintiffs in the normal and expected use of the product.

## TWENTY-FIFTH DEFENSE

This Acuity's product did not pose any unreasonable risks to the Plaintiff if used with ordinary care.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a trial by jury on all issues so triable.

**WHEREFORE**, Acuity prays the Court for judgment in its favor and against the Plaintiffs; that it be awarded its costs, fees, and all other relief demanded; and that the Court grant such other relief that is just or proper.

This 17th day of June, 2002.

                    YOUNG MOORE AND HENDERSON P.A.

BY: _/s/ Walter E. Brock, Jr._
WALTER E. BROCK, JR.
North Carolina State Bar No. 8195
Post Office Box 31627
Raleigh, North Carolina 27622
(919) 782-6860

STEVEN J. KYLE
Georgia State Bar No. 430700
RONALD F. NEGIN
Georgia State Bar No. 537190
BOVIS, KYLE & BURCH, LLC
53 Perimeter Center East, 3rd Floor
Atlanta, GA 30024
(770) 391-9100

Attorneys for Defendant Lithonia Lighting, a division of Acuity Lighting Group, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing document upon the attorney(s) shown below by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorney(s).

This the 17th day of June, 2002.

YOUNG MOORE AND HENDERSON P.A.

BY: /s/ Walter Brock
WALTER E. BROCK, JR.
State Bar No. 8195
3101 Glenwood Avenue
Post Office Box 31627
Raleigh, North Carolina 27622
(919) 782-6860
Attorneys for Defendant Lithonia Lighting,
a division of Acuity Lighting Group, Inc.

Served on:

Wesley A. Collins, Esq.
Cecil S. Harvell, P.A.
1107 Bridges Street
Morehead City, North Carolina 28557
Attorneys for Plaintiff

440470/420-002