UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NO. 4:02-CV-103-H(4)

| | |
|---|---|
| GREGORY S. PURDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ACUITY LIGHTING GROUP, INC., | ) |
| et al. | ) |
| Defendant | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

Plaintiff, Gregory S. Purdy, by and through counsel, replies to Defendant's Motion for Sanctions, by offering to the Court the following:

1.  Plaintiff concurs that the items set forth on page three (3) of Defendants Brief have not yet been produced by Plaintiff. Plaintiff does not object to these requests, and has made a good faith effort to comply with the Court's Order dated February 7, 2003 (Exhibit A), by timely serving PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF AND ORDER OF THE COURT ENTERED FEBRUARY 7, 2003. (Exhibit B).

However, Plaintiff's counsel <u>mistakenly</u> limited Plaintiff's production to the items as set forth on page four (4) and five (5) of the Court's Order (Exhibit A), and therefore, did not comply fully with Defendant's prior discovery request. Some of the items set forth on page four (4) and five (5) of the Court's Order had been previously produced, thus only the outstanding items were included in Plaintiff's response (Exhibit B). This oversight was not made to harass or delay, and was purely a mistake.

2.  Immediately upon receipt of Defendant's Motion for Sanctions, Plaintiff's counsel contacted Plaintiff and advised him of the other documents and things that need to be produced. (Exhibit C). Plaintiff's counsel will produce these documents and things immediately upon receipt

3.  Plaintiff's counsel apologizes to Defendant and the Court, and ensures that this oversight was in no way intended to disrespect the judicial process.

## **CONCLUSION**

Plaintiff requests that the Court denies Defendant's Motion for Sanctions.

This the __6__ day of March, 2003.

_____
Wesley A. Collins
Attorney for Plaintiff
Cecil S. Harvell, P.A.
Attorneys at Law
1107 Bridges Street
Morehead City, North Carolina 28557
(252)-726-9050
NC State Bar # 29156

-2-

Case 4:02-cv-00103-FA    Document 31    Filed 03/07/2002    Page 2 of 17

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37** upon the attorneys shown below by depositing a copy of same in the United States mail, postage prepaid, addressed to said attorneys.

This the 6 day of March, 2003.

                           CECIL S. HARVELL, P.A.

BY: _____
      WESLEY A. COLLINS
      State Bar No. 29156
      Attorney for Plaintiff
      1107 Bridges Street
      Morehead City, North Carolina 28557
      (252) 726-9050

Served on:

Walter E. Brock, Jr.
Attorney for Defendant
Young Moore and Henderson, P.A.
Post Office Box 31627
Raleigh, North Carolina 27622

      and

Ronald F. Negin and Steven J. Kyle
Bovis, Kyle & Burch, LLC
53 Perimeter Center East, Third Floor
Atlanta, Georgia 30346-2298

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:02-CV-103-H(4)

GREGORY S. PURDY, )
    Plaintiff, )
     )
v. )     ORDER
     )
ACUITY LIGHTING GROUP, INC., )
LITHONIA LIGHTING, INC, and )
LITHONIA LIGHTING )
    Defendant. )

This matter comes before the court upon defendants' motion to compel filed in the case January 10, 2003, together with supporting memorandum, to which plaintiff has failed to respond. The disputed issues in discovery now are ripe for consideration, where defendants seek to compel responses to written discovery, including Supplemental Request for Production of Documents, served November 20, 2002, and production of documents as agreed during plaintiff's deposition on November 12, 2002.

## BACKGROUND

Complaint originally was instituted in Carteret County Superior Court, subsequently amended, and later removed to this court June 17, 2002, on basis of diversity and amount in controversy. Plaintiff's personal injury suit derives from the alleged explosion of a lighting product in plaintiff's residence manufactured by defendants, causing serious injuries. Plaintiff seeks to recover on claims variously alleging breach of implied warranties under the Uniform Commercial Code ("UCC") (First Claim),

failure to warn (Second Claim), breach of express warranties (Third Claim), strict liability (Fourth Claim), defective design theory (Fifth Claim), negligence (Sixth Claim), the doctrine of <u>res ipsa loquitur</u> (Seventh Claim), and for defendant's alleged reckless and wanton misconduct (Eighth Claim). Answer filed June 17, 2002, raising 25 separate defenses, including plaintiff's contributory negligence, and styled on behalf of Lithonia Lighting, a division of Acuity Lighting Group, Inc., denies all liability. Thereafter, plaintiff voluntarily dismissed his Eighth Claim for relief.

In its order filed August 22, 2002, where the parties had failed to respond to the court's direction that they confer and present a proposed discovery plan on or before August 9, 2002, the court pronounced upon the schedule of the case, including that discovery should conclude on or before December 20, 2002.

Several days later, a proposed plan was submitted by the parties, showing that they had in fact conferred in an attempt to agree upon a proposed plan July 16, 2002. The court revised the case schedule in accordance therewith, in its order filed August 30, 2002, allowing among its provisions that the parties would have up to and until January 10, 2003 within which to conduct their discovery. Motion to amend the case schedule, entered into by both plaintiff and defendants, was filed August 29, 2002, and submitted without benefit of the court's revised ruling, all as set forth in an order filed September 6, 2002, which again altered in some parts the case schedule, as requested. The January 10, 2003 deadline for

discovery, however, was maintained. On November 12, 2002, deposition noticed October 8, 2002, was taken of plaintiff. During his deposition both plaintiff and plaintiff's counsel agreed to provide supplemental information and documents, some of which has been received.

Social security records remain outstanding, where counsel requested copies of these records to the extent able to be located, to which plaintiff's counsel replied affirmatively, as evidenced in the transcript of that deposition submitted with the motion. Records reflecting the names and addresses of individuals and companies who performed work at plaintiff's residence, to the extent available, also were requested of plaintiff at his deposition. After some discussion concerning the difficulty of locating information involving cash transactions, the witness was requested and agreed several times to provide records to his attorney, for submission to defense counsel. Income tax returns for the past 5 years also were requested at the deposition, where reference was made to this information having already been requested in written discovery. Again, the witness agreed to provide the returns available to him.

In correspondence dated November 15, 2002, defense counsel requested that plaintiff supplement his discovery responses promptly, in avoidance of a motion to compel. On November 20, 2002, defendants served the supplemental requests in discovery also at issue in the instant motion, a copy of which appears as "Exhibit

K" to the motion. Upon receipt of the deposition transcript, counsel's demand was supplemented in further correspondence dated December 2, 2002, also submitted as an exhibit in support of the motion. An expanded list of requested information was referenced therein. I quote from the attorney's letter:

1. Mr. Purdy's attorney who represented him a social security action (see deposition transcript pg. 15);

2. Contact information for Bill Seavey (see deposition transcript pg. 43);

3. Mr. Purdy's certificate from Southwest Community College (see deposition transcript pg. 67-69);

4. Names and addresses of various individuals and companies who worked on Mr. Purdy's home (see deposition transcript pg. 85);

5. A copy of Mr. Purdy's tax returns for the past five (5) years (see deposition transcript pg. 181);

6. Phone numbers and addresses for John Bender and Bryan Streets (see deposition transcript pg. 189-190);

7. Verification executed by Mr. Purdy verifying his discovery responses;

8. Name of physician who fitted Mr. Purdy for a contact lens (see deposition transcript pg. 319);

9. Mr. Purdy's health insurance information while employed as a teacher for the State of North Carolina (see deposition transcript pg. 32);

10. A copy of the code that Mr. Purdy followed in installing and conducting the electrical installation in his home (see

4

deposition transcript pg. 372);
11. A copy of the wiring book that Mr. Purdy used as a reference in installing the electrical installation process in his home (see deposition transcript pg. 372);

12. A copy of Mr. Purdy's resume (see deposition transcript pg. 383); and

13. A copy of Mr. Purdy's job applications submitted since the date of the incident (see deposition transcript pg. 385).

Defendant asserts in the instant motion that plaintiff has failed to provide the information requested and/or documents referenced in para. nos. 1, 3, 4, 5, 6, 9, 10, 11, and 13 above.

Responses to defendants' supplemental requests were due on or before December 23, 2002. No responses have been received. In a motion filed December 30, 2002, plaintiff moved to continue the time within which discovery may be conducted. This motion was opposed by defendants. A limited continuance was permitted over that objection, as set forth in the court's January 10, 2003 order. The instant motion to compel, also filed January 10, 2003, to which no response has been received, now has ripened upon the court's docket. Defendants' objection and motion to quash plaintiff's subpoena, filed January 27, 2003, will be addressed in separate order, when briefing upon the issues raised therein is fully concluded.

## COURT'S DISCUSSION

It should be recognized that the discovery rules are "given a

5

broad and liberal treatment." See Hickman v. Taylor, 329 U.S. 495, 507 (1947). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "[P]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...[T]he information sought [in discovery] need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

The record discloses no objection lodged by plaintiff to any of the discovery requests. The process of posing requests during the course of a deposition has an informal ring not sounding in the Rules; however, there was ready agreement to the provision of additional information, some of which appeared implicated by prior discovery requests, and the deposition promptly was followed by service of the supplemental requests which solicit much of the same information. No objection is interposed as to any request nor is there any response to the motion before this court. In fact there was prior agreement to provide certain materials. As such, the transcript records cooperation between the parties and their counsel contrary to the present circumstance.

The limited document requests, taken together, variously propounded upon plaintiff, seek basic information on behalf of defendants. The Federal Rules of Civil Procedure impose the obligation upon plaintiff, who has chosen to enter into this

6

litigation, to participate fully in the discovery process. Rule 37(a)(2) provides that the court may compel a party to respond requests for production of documents pursuant to Rule 34. It provides in pertinent part:

> [I]f a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection with be permitted as requested or fails to permit inspection as requested, the discovery party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

Rule 37(a)(2)(B). Hearing no objection, and where the discovery appears on its face to be permissible, in accordance with Rule 37(d), which permits the court to make such order in regard to any failure to respond as is just, defendants' motion is allowed. The undersigned denies request for attorneys' fees, however, with each party to bear its own costs.

## CONCLUSION

For the foregoing reasons, defendants' motion to compel is ALLOWED, and plaintiff is ORDERED to provide the outstanding discovery within 20 days of this order. That part of the instant motion requesting attorneys' fees, is denied.

SO ORDERED, this the 7th day of February, 2003.

LOUISE W. FLANAGAN
United States Magistrate Judge

certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina
By: Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NO. 4:02-CV-103-H(4)

GREGORY S. PURDY, )
)
       Plaintiff, )
)
v. )
)
ACUITY LIGHTING GROUP, INC., )
et al. )
       Defendant. )

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF AND ORDER OF THE COURT ENTERED FEBRUARY 7, 2003</u>

REQUESTS FOR PRODUCTION

1. Mr. Purdy's attorney relative to his social security action was:

   Mary C. Higgins
   Gillespie and Higgins
   Thomas Square
   Unit Thirteen
   1315 Glenburnie Road
   New Bern, NC 28560
   252-636-1274

2. Mr. Purdy's transcript from Southwest Community College is enclosed.

3. Mr. Purdy's tax return for years 1999, 2000, and 2001 are enclosed. Mr. Purdy has requested tax return for years 1997 and 1998, but has not yet received the same.

4. The individual who fitted Mr. Purdy with a contact lens was:

   B. W. Phillips, Jr., F.C.L.S.A.
   Contact Lens Service
   Box 3802 - DUMC
   Durham, North Carolina 27710-3602

5. Mr. Purdy's health insurance information is enclosed.

6. Copies of all job applications submitted since the incident are enclosed.

7. A copy of Mr. Purdy's resume has been previously produced.

8. Originals of the code that Mr. Purdy followed in installing and conducting the electrical installation and originals of the wiring book that Mr. Purdy used as a reference in installing the electrical installation process in his home are enclosed, please inspect and copy and return the originals to this office within thirty (30) days.

WESLEY A. COLLINS
CECIL S. HARVELL, P.A.
1107 BRIDGES STREET
MOREHEAD CITY, NC 28557
TELEPHONE: (252) 726-9050
NC STATE BAR # 29156
BY: /s/ Wesley A. Collins
WESLEY A. COLLINS
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF AND ORDER OF THE COURT ENTERED FEBRUARY 7, 2003, was this date delivered to Defendant's Counsel of Record by via U.S. Mail or Overnight Delivery Service as set forth below from Morehead City, North Carolina, with sufficient postage for delivery affixed thereto:

Ronald F. Negin
Bovis, Kyle & Burch, LLC
53 Perimeter Center East, Third Floor
Atlanta, Georgia 30346-2298

This production is voluminous and contains original documents for inspection and copying. Therefore, this production was not served on:

Walter E. Brock, Jr.
Attorney for Defendant
Young Moore and Henderson, P.A.
Post Office Box 31627
Raleigh, North Carolina 27622

This the 3 day of March, 2003.

BY: /s/ Wesley A. Collins
WESLEY A. COLLINS
ATTORNEY FOR PLAINTIFF
CECIL S. HARVELL, P.A.
1107 BRIDGES STREET
MOREHEAD CITY, NC 28557
TELEPHONE: (252) 726-9050
FACSIMILE: (252) 726-0601
NC STATE BAR # 29156

-3-

EXHIBIT C

## Wesley A. Collins

From: Wesley A. Collins <wcollins@harvell-lawfirm.com>
To: <PShipwreck@aol.com>
Sent: Thursday, March 06, 2003 12:40 PM
Subject: More Discovery

Greg,

Thank you for delivering the box of items to me last week. Unfortuneately, there are other things that we need to produce....

In addition to your tax returns for year 1997 and 1998.....

Please try to locate the following itmes as soon as possible, and deliver them to me:

1. All written documents relative to your thesis work.....notes, books, research, etc. (Including the approximate 100 pages yoiu have written).

2. All student loan documents.

3. All documents relating to request for Social Security and disability beneifts.

4. Any wedding invitations, marriage licenses, marriage license applications.

5. Any documents recording times you have been SCUBA diving, snorkeling, spear fishing since May 24, 1999.

...don't forget about the 97 and 98 tax returns

If you cannot locate any of these things, then let me know right away.

-Wes Collins
----- Original Message -----
From: <PShipwreck@aol.com>
To: <wcollins@harvell-lawfirm.com>
Sent: Tuesday, March 04, 2003 12:54 PM