UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO: 4:02-CV-7-103-H4

GREGORY S. PURDY

v.                                    ORDER

LITHONIA LIGHTING, et al.


On August 18, 2003, the court advised the parties of its rulings on their pending motions in limine. In order for the record to reflect those rulings, the court enters this order.

I.     Plaintiff's First Motion in Limine

Plaintiff filed a motion seeking to preclude the introduction of any evidence relating to the settlement between plaintiff and Osran Sylvania, Inc. Generally, a party is precluded from introducing evidence regarding the settlement of a claim arising out of the same transaction between a third person and a party to a lawsuit. Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652, 655 (4th Cir. 1988). Accordingly, plaintiff's motion was GRANTED and defendants were precluded from introducing evidence of the settlement between plaintiff and Sylvania. Defendants were not, however, precluded from introducing evidence that plaintiff allegedly claimed he was injured by an "exploding light bulb."

II.     Plaintiff's Second Motion in Limine

Plaintiff sought to preclude defendants from offering evidence that plaintiff received social security benefits or any other assistance as a result of his injury. Evidence of a plaintiff's receipt of benefits for his or her injury or disability from sources collateral to defendant generally is not admissible. Fed case; Cotes v. Wilson, 350 S.E.2d 898 (N.C. 1986), aff'd, 361 S.E.2d 734. Accordingly, plaintiff's motion was GRANTED. Defendants were not, however, precluded from introducing documents contained in plaintiff's social security benefits file or any other collateral source file so long as such documents are redacted to remove any reference to plaintiff's receipt of social security benefits or benefits from other collateral sources.

III.    Plaintiff's Third Motion in Limine

Plaintiff's last motion in limine seeks to preclude defendants from offering evidence or argument regarding the number of claims or prior accidents, or lack thereof, related to products manufactured by defendants other than the Model 1271 Work Light. Because evidence concerning other products manufactured by Lithonia is not relevant to this case and because any potential relevance is outweighed by the potential prejudice to plaintiff, plaintiff's motion was GRANTED.

2

IV.     Defendants' Motion in Limine No. 1

Defendants filed a motion in limine to exclude the testimony of plaintiff's expert, Dr. James Samuel McKnight. For the reasons expressed in Judge Howard's Order of April 11, 2003 and for other reasons placed on the record at various times during trial of the matter, defendants' motion was DENIED.

V.      Defendants' Motion in Limine No. 2

Defendants filed a motion to exclude at trial the testimony and/or affidavit of plaintiff's counsel, Wesley Collins. Defendant's motion was DENIED. For reasons stated on the record, the court permitted Mr. Collins to testify but concluded that disqualifying Mr. Collins from continuing as counsel would severely prejudice his client.

VI.     Defendants' Motion in Limine No. 3

Defendants moved to exclude any evidence or testimony regarding the alleged future lost earning lost capacity. Defendants' motion was GRANTED in part and DENIED in part. Plaintiff was precluded from introducing documentary evidence regarding this issue that were not produced during discovery. The motion was DENIED in all other respects.

VII.    Defendants' Motion in Limine No. 4

Defendants sought to preclude plaintiff from making any type of "golden rule" argument. Because such argument is clearly improper, see Leathers v. Gen. Masters Corp., 546 F.2d 1083,

3

1086-87 (4th Cir. 1975); Fox-Kirk v. Hannon, 542 S.E.2d 346 (N.C. 2001), defendants' motion was GRANTED.

VIII.   Defendants' Motions in Limine Nos. 5 and 7

Defendants' fifth and seventh motions sought to exclude the simulated photos of plaintiff's vision and any testimony thereto. The court determined that the photographs were not sufficiently reliable as they were generated based upon subjective input from plaintiff and not on objective criteria. The court also found that the best evidence of plaintiff's impairments would be the medical evidence. Based on the foregoing, both motions were GRANTED.

IX.   Defendants' Motion in Limine No. 6

Defendants moved to exclude at trial any evidence regarding similar light fixtures designed by other manufacturers. Based on the reasoning of Alevromagiros v. Hechinger Co., 993 F.2d 417 (4th Cir. 1993), defendants' motion was GRANTED.

X.   Defendants' Motion in Limine No. 8

Defendants moved to exclude any questioning by plaintiff's counsel of Russell Rouse "as to how many times he has testified at trial or deposition and/or any other questioning of Mr. Rouse implying that defendants have been involved in other lawsuits stemming from accidents with its products." Defendants' motion was GRANTED to the extent that plaintiff is prohibited from questioning Rouse regarding other incidents or accidents

4

unless a proper foundation has been laid. Plaintiff is not, however, precluded from asking Rouse, as it would any other expert witness, how many times he has testified or been deposed.

XI.     Defendants' Motion in Limine No. 9

Defendants moved to exclude any testimony by lay witnesses alleging that the design of the subject light fixture was defective, inadequate, or negligent. Because such testimony is properly addressed to expert testimony, see Certain Underwriters at Lloyds, London v. Sinkovich, 232 F.3d 200 (4th Cir. 2000), defendants' motion is GRANTED.

The Clerk is directed to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 22nd day of August, 2003.

ENTER:

David A. Faber
United States District Judge

5